<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS J. REIGLE,                      :
                                       :     Civil Action No. 05-4979 (SRC)
               Petitioner,             :
                                       :
          v.                           :     **OPINION**
                                       :
ALFARO ORTIZ, et al.,                  :
                                       :
               Respondents.            :

**APPEARANCES:**

Petitioner <u>pro se</u>                     Counsel for Respondents
Thomas J. Reigle                       Sysan B. Gyss
East Jersey State Prison               Ofc. of the Hudson Co. Pros.
Lock Bag R                             595 Newark Avenue
Rahway, NJ 07065                       Jersey City, NJ 07306

**CHESLER**, District Judge

     Petitioner Thomas J. Reigle, a prisoner currently confined
at East Jersey State Prison in Rahway, New Jersey, has submitted
a petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254.  The respondents are Alfaro Ortiz and the Attorney
General of New Jersey.

     For the reasons stated herein, the Petition must be denied.

I.   <u>BACKGROUND</u>

     Pursuant to a jury trial in the Superior Court of New
Jersey, Law Division, Hudson County, Petitioner was convicted of
murder, felony murder (two counts), aggravated assault, robbery,
and burglary.  On August 16, 1985, the trial court sentenced

Petitioner to a term of imprisonment of 50 years with a 30-year term of parole ineligibility.  (Ra 15-16.)

The Superior Court of New Jersey, Appellate Division, affirmed the conviction by order dated December 31, 1991.  (Ra 181-187.)  The Supreme Court of New Jersey denied certification on May 28, 1992.  State v. Reigle, 130 N.J. 12 (1992).  (Ra 188.)

Petitioner filed a pro se petition for post-conviction relief in the trial court on February 8, 2000.  (Ra 189-194.) Following referral of the matter to the Office of Public Defender for representation, the trial court dismissed the PCR petition as untimely on November 20, 2003.  (Ra 345.)[1]  On January 4, 2005, the Appellate Division affirmed the dismissal of the PCR.  (Ra 405-407.)  The Supreme Court of New Jersey denied certification on March 14, 2005.  (Ra 434.)

This Petition, dated September 21, 2005, followed. Petitioner asserts as grounds for relief: (1) Petitioner's convictions were obtained by a violation of Petitioner's Miranda rights; (2) the excessive delay in prosecuting Petitioner's appeal constitutes a denial of due process; (3) the prosecutor exceeded all bounds of propriety in her summation which denied Petitioner his right to a fair trial; (4) the trial court

---

[1] Petitioner alleged before the state court that he had been prevented from filing his PCR petition earlier because he obtained his trial transcripts in October 1999 only after filing an ethics complaint against his attorney.  (Ra 233-234.)

2

committed errors which, in the aggregate, denied Petitioner his
right to a fair trial; (5) the trial court committed reversible
error by adopting an unfair jury selection process.  Respondents
have answered asserting, <u>inter alia</u>, that the Petition must be
dismissed as untimely.  Petitioner has failed to file a Reply
addressing this issue.  This matter is now ready for disposition.

## II.   <u>28 U.S.C. § 2254</u>

As amended by the Antiterrorism and Effective Death Penalty
Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent
part:

> (a) The Supreme Court, a Justice thereof, a circuit
> judge, or a district court shall entertain an
> application for a writ of habeas corpus in behalf of a
> person in custody pursuant to the judgment of a State
> court only on the ground that he is in custody in
> violation of the Constitution or laws or treaties of
> the United States.

With respect to any claim adjudicated on the merits in state
court proceedings, the writ shall not issue unless the
adjudication of the claim

> (1) resulted in a decision that was contrary to,
> or involved an unreasonable application of, clearly
> established Federal law, as determinated by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A pro se pleading is held to less stringent standards than
more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429

3

U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance.  See Royce

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399

U.S. 912 (1970).

### III.   ANALYSIS

Respondents assert that the Petition must be denied as

untimely.  (Answer at 29-32.)  Petitioner has not responded to

the suggestion that the Petition is untimely or otherwise replied

in support of the Petition.

The limitation period for a § 2254 habeas petition is set

forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration of
> the time for seeking such review; ...[2]
>
> (2) The time during which a properly filed application
> for State post-conviction or other collateral review
> with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitation under this section.

---

[2] Petitioner does not urge a later date for the beginning of
the limitations period under § 2244(d)(1)(B), (C), or (D).

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive

> filers, or on all filers generally.  But in common
> usage, the question whether an application has been
> "properly filed" is quite separate from the question
> whether the claims <u>contained in the application</u> are
> meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote

omitted) (finding that a petition was not "[im]properly filed"

merely because it presented claims that were procedurally barred

under New York law on the grounds that they were previously

determined on the merits upon an appeal from the judgment of

conviction or that they could have been raised on direct appeal

but were not).

Where a state court has rejected a petition for post-

conviction relief as untimely, however, it was not "properly

filed" and the petitioner is not entitled to statutory tolling

under § 2244(d)(2).  <u>Pace v. Diguglielmo</u>, 544 U.S. 408 (2005).

This is so even where, in the alternative, the state court

addresses the merits of the petition in addition to finding it

untimely.  <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is

considered "pending" within the meaning of § 2244(d)(2), and the

limitations period is statutorily tolled, from the time it is

"properly filed," during the period between a lower state court's

decision and the filing of a notice of appeal to a higher court,

<u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in

which an appeal could be filed, even if the appeal is never

filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24.   However, "the time

during which a state prisoner may file a petition for writ of

certiorari in the United States Supreme Court from the denial of

his state post-conviction petition does not toll the one year

statute of limitations under 28 U.S.C. § 2244(d)(2)."   <u>Stokes v.</u>

<u>District Attorney of the County of Philadelphia</u>, 247 F.3d 539,

542 (3d Cir.), <u>cert. denied</u>, 122 S.Ct. 364 (2001).

 The limitations period of § 2244(d) also is subject to

equitable tolling.   <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.),

<u>cert. denied</u>, 122 S.Ct. 323 (2001); <u>Jones v. Morton</u>, 195 F.3d

153, 159 (3d Cir. 1999); <u>Miller v. New Jersey State Dept. of</u>

<u>Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998).   Equitable tolling

applies

> only when the principles of equity would make the rigid
> application of a limitation period unfair.   Generally,
> this will occur when the petitioner has in some
> extraordinary way been prevented from asserting his or
> her rights.   The petitioner must show that he or she
> exercised reasonable diligence in investigating and
> bringing [the] claims.   Mere excusable neglect is not
> sufficient.

<u>Miller</u>, 145 F.3d at 618-19 (citations omitted).   Among other

things, the Court of Appeals for the Third Circuit has held that

equitable tolling may be appropriate "if the plaintiff has timely

asserted his rights mistakenly in the wrong forum," i.e., if a

petitioner has filed a timely but unexhausted federal habeas

petition.   <u>Jones</u>, 195 F.3d at 159.   <u>See also</u> <u>Duncan v. Walker</u>,

533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J.,

concurring in part) ("neither the Court's narrow holding [that
the limitations period is not statutorily tolled during the
pendency of a premature federal habeas petition], nor anything in
the text or legislative history of AEDPA, precludes a federal
court from deeming the limitations period tolled for such a
petition as a matter of equity"); 533 U.S. at 192 (Breyer, J.,
dissenting, joined by Ginsburg, J.) (characterizing Justice
Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed
filed at the moment he delivers it to prison officials for
mailing to the district court." Burns v. Morton, 134 F.3d 109,
113 (3d Cir. 1999) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Petitioner's conviction became final on August 26,
1992, ninety days after the Supreme Court of New Jersey denied
certification in Petitioner's direct appeal.  Thus, absent
tolling, Petitioner had until April 24, 1997, to file his federal
habeas petition.

Petitioner's first state-court motion for post-conviction
relief was not filed until February 8, 2000, almost three years
after expiration of the limitations period, so it did not toll
the limitations period.  Even if this Court were to find the
limitations period equitably tolled until October 1999, when
Petitioner obtained his trial transcripts from his counsel, he
had one year from that date to file his federal habeas petition,

absent statutory tolling.  Because his state-court PCR petition was denied as untimely, it was not "properly filed" and does not toll the limitations period.  See 28 U.S.C. § 2244(d)(2); Pace v. Diguglielmo, 544 U.S. 408 (2005).  Accordingly, it is apparent that this Petition is untimely and must be denied as time-barred.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether the Petition is time-barred. Accordingly, no certificate of appealability shall issue.

### V.   CONCLUSION

For the reasons set forth above, the Petition must be denied. An appropriate order follows.

Stanley R. Chesler
United States District Judge

Dated: *October 31, 2006*

10

## MEMORANDUM

TO:      Judge Stanley R. Chesler

CC:      Chief Judge Garrett E. Brown, Jr.

FROM:    Sheryl A. Donnella
         Pro Se Attorney (609-989-2052)

DATE:    31 October 2006

RE:      Reigle v. Ortiz
         05-CV-4979 (SRC)


The above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was referred to the Pro Se Attorneys' Office for appropriate action.

Respondents have answered asserting that the Petition is untimely and I agree. Accordingly, I recommend that the Petition be denied as untimely. I attach an appropriate form of Opinion and Order.

I have returned the state court record to the Clerk's Office.

If you require any changes, or if I can be of further assistance, please do not hesitate to contact me.

sad

via e-mail